DANIEL JOHNSON, JR. (State Bar No. 57409)
MICHAEL J. LYONS (State Bar No. 202284)
HARRY F. DOSCHER (State Bar No. 245969)
MORGAN, LEWIS & BOCKIUS LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306-2122
Tel: 650.843.4000
Fax: 650.843.4001
E-mail: djjohnson@morganlewis.com
E-mail: mlyons@morganlewis.com
E-mail: hdoscher@morganlewis.com

Attorneys for Plaintiff
FINISAR CORPORATION

**ORIGINAL FILED**
DEC 10 2010
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

JCS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CV10 5617

FINISAR CORPORATION,
a Delaware corporation,

Plaintiff,

v.

OPLINK COMMUNICATIONS INC., a Delaware corporation, OPTICAL COMMUNICATION PRODUCTS, INC., a Delaware corporation,

Defendants.

Case No.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

**DEMAND FOR JURY TRIAL**

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/22076973.1

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF

Plaintiff FINISAR CORPORATION ("Finisar") alleges as follows:

## PARTIES

1. Plaintiff Finisar is a Delaware corporation with its principal place of business at 1389 Moffett Park Drive, Sunnyvale, California 94089-1134. Finisar is qualified and duly authorized to conduct business in the State of California.

2. Defendant Oplink Communications Inc. ("Oplink") is a Delaware corporation doing business in this judicial district, and has a principal place of business at 46335 Landing Parkway, Fremont, California 94538.

3. On information and belief, Defendant Optical Communication Products, Inc. ("OCP") is a Delaware corporation doing business in this judicial district, and has a principal place of business at 46335 Landing Parkway, Fremont, California 94538.

4. On information and belief, Defendant OCP is a wholly-owned subsidiary of Oplink, and OCP's infringing business has been transferred to Oplink.

## JURISDICTION AND VENUE

5. This is a civil action arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.* This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 1338(a).

6. Personal jurisdiction as to each defendant is proper in the State of California and in this judicial district. Defendants maintain a regular and established place of business and ongoing business activity in this State and in this judicial district, and therefore have sufficient contacts with the State of California to satisfy the requirements of due process and Rule 4(k)(2) of the Federal Rules of Civil Procedure.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) & (c) and 1400(b).

## INTRADISTRICT ASSIGNMENT

8. Under Civil L. R. 3-2(c), this action shall be assigned on a district-wide basis, notwithstanding the fact that a substantial part of the events that give rise to the claims alleged herein occurred in Santa Clara County, in the San Jose Division of this Court.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/22076973.1

1

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF

## PROCEDURAL BACKGROUND

9. On January 5, 2010, Finisar filed a Complaint against Defendant Oplink in Case No. C-10-00032 WHA in the United States District Court for the Northern District of California raising the same allegations presented in this Complaint. By Court Order dated May 5, 2010 in that case, Oplink was severed from that case and dismissed without prejudice to Finisar's right to re-file its claims in a separate action.

## PATENTS-IN-SUIT

10. Finisar is the sole owner of U.S. Patent No. 5,019,769 (the "'769 patent"), issued on May 28, 1991, titled "Semiconductor Laser Diode Controller and Laser Diode Biasing Control Method." The '769 patent expired September 14, 2010. A true and correct copy of the '769 patent is attached as Exhibit A.

11. Finisar is the sole owner of U.S. Patent No. 7,079,775 (the "'775 patent"), issued on July 18, 2006, titled "Integrated Memory Mapped Controller Circuit for Fiber Optics Transceiver." A true and correct copy of the '775 patent is attached to this Complaint as Exhibit B.

12. Finisar is the sole owner of U.S. Patent No. 6,957,021 (the "'021 patent"), issued on October 18, 2005, titled "Optical Transceiver with Memory Mapped Locations." A true and correct copy of the '021 patent is attached to this Complaint as Exhibit C.

13. Finisar is the sole owner of U.S. Patent No. 7,058,310 (the "'310 patent"), issued on June 6, 2006, titled "System and Method for Protecting Eye Safety During Operation of a Fiber Optic Transceiver." A true and correct copy of the '310 patent is attached to this Complaint as Exhibit D.

14. Finisar is the sole owner of U.S. Patent No. 6,952,531 (the "'531 patent"), issued on October 4, 2005, titled "System and Method for Protecting Eye Safety During Operation of a Fiber Optic Transceiver." A true and correct copy of the '531 patent is attached to this Complaint as Exhibit E.

15. Finisar is the sole owner of U.S. Patent No. 7,162,160 (the "'160 patent"), issued on January 9, 2007, titled "System and Method for Protecting Eye Safety During Operation of a

1  Fiber Optic Transceiver." A true and correct copy of the '160 patent is attached to this Complaint
2  as Exhibit F.

3    16.    Finisar is the sole owner of U.S. Patent No. 7,184,668 (the "'668 patent"), issued
4  on February 27, 2007, titled "System and Method for Protecting Eye Safety During Operation of
5  a Fiber Optic Transceiver." A true and correct copy of the '668 patent is attached to this
6  Complaint as Exhibit G.

7    17.    Finisar is the sole owner of U.S. Patent No. 7,050,720 (the "'720 patent"), issued
8  on May 23, 2006, titled "Integrated Memory Mapped Controller Circuit for Fiber Optics
9  Transceiver." A true and correct copy of the '720 patent is attached to this Complaint as Exhibit
10 H.

11    18.    Finisar is the sole owner of U.S. Patent No. RE 36,886 (the "'886 patent"), filed on
12 January 12, 1995, issued on January 21, 1997, and reissued on October 3, 2000, titled "Fiber
13 Optic Module." A true and correct copy of the '886 patent is attached to this Complaint as
14 Exhibit I.

15    19.    Finisar is the sole owner of U.S. Patent No. RE 40,150 (the "'150 patent"), filed on
16 January 12, 1995, issued on January 21, 1997, and reissued on March 11, 2008, titled "Fiber
17 Optic Module." A true and correct copy of the '150 patent is attached to this Complaint as
18 Exhibit J.

19    20.    Finisar is the sole owner of U.S. Patent No. RE 40,154 (the "'154 patent"), filed on
20 January 12, 1995, issued on January 21, 1997, and reissued on March 18, 2008, titled "Fiber
21 Optic Module." A true and correct copy of the '154 patent is attached to this Complaint as
22 Exhibit K.

23    21.    The '769 patent, '775 patent, '021 patent, '310 patent, '531 patent, '160 patent,
24 '668 patent, '720 patent, '886 patent, '150 patent, and '154 patent are referred to collectively
25 herein as the "Patents-In-Suit." A subset of the Patents-In-Suit including the '775 patent, '021
26 patent, '310 patent, '531 patent, '160 patent, '668 patent, and '720 patent are referred to
27 collectively herein as the "Enhanced Digital Diagnostics Patents." Another subset of the Patents-
28 In-Suit including the '886 patent, '150 patent, and '154 patent are referred to collectively herein

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/22076973.1

3

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF

as the "Optoelectronic Module Patents."

## FINISAR'S OPTOELECTRONIC TRANSCEIVER TECHNOLOGY

22. Optoelectronic transceivers are used to provide the electrical-to-optical and optical-to-electrical conversion required for modern communication over fiber optic cables. Optoelectronic transceivers are a vital component of the high-speed broadband revolution that has transformed the way consumers all over the world watch television, surf the internet, and communicate.

23. Finisar is a leading supplier of optoelectronic transceivers and invests substantially in research and development of new and innovative technologies and products. Finisar has been a pioneer in the optoelectronics industry, developing, for example, automated transceiver calibration methods and adding diagnostic intelligence to its transceivers.

24. Finisar developed the digital processor controlled laser diode calibration technology claimed in the '769 patent directed to automation of the process of selecting the drive current level of the laser diode.

25. Finisar engineers later developed an improved digital diagnostics technology claimed in the Enhanced Digital Diagnostics Patents directed to real-time monitoring of transceiver operating parameters with dramatically improved diagnostic data storage and host access capabilities, helping to identify abnormal and potentially unsafe operating conditions, simplifying maintenance, and enhancing reliability.

26. Optoelectronic high-speed networks using optoelectronic transceivers with digital diagnostic monitoring features are now in widespread use, in no small part because of the efforts of Finisar. Finisar has worked to bring its advanced technology to the entire industry not only by designing new products, but also by its participation in and commitment to working with industry committees to create standards and common specifications for transceiver digital diagnostics.

27. One such specification is the SFF-8472 specification, titled "Digital Diagnostic Monitoring Interface for Optical Transceivers," which was published by the Small Form Factor Committee. This document specifies a digital diagnostic feature set for Small Form Factor Pluggable ("SFP") transceivers. It defines an enhanced digital diagnostics monitoring interface

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/22076973.1

4

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF

for optical transceivers which allows real-time access to device operating parameters.

28. The SFF-8472 specification was developed at least in part by Finisar employees and relies upon Finisar's inventions.

29. Industry adoption of the SFF-8472 specification was swift. SFF-8472-compliant transceivers are now widely available.

30. Similar digital diagnostic capabilities have been incorporated into other widely used industry multi-source agreement specifications and/or products, including but not limited to the Enhanced Small Form Factor Pluggable ("SFP+"), 10 Gigabit Small Form Factor Pluggable ("XFP"), DWDM Pluggable Transceiver ("DWDM"), XENPAK, Broadband Passive Optical Network ("BPON"), Gigabit Passive Optical Network ("GPON"), and Gigabit Ethernet Passive Optical Network ("GEPON") specifications and/or products. For example, the XFP specification states that the mandatory XFP 2-wire serial interface is "modeled largely after the digital diagnostics monitoring interface proposed for the SFP and GBIC optical transceivers and defined in SFF draft document SFF-8472 Rev 9.3 . . . ."

31. All of the major transceiver manufacturers, including the Defendants, make transceivers that include digital diagnostics. The widespread acceptance and use of Finisar's digital diagnostics technology by numerous standards bodies and competitors demonstrates the industry's recognition of the value and importance of Finisar's innovation.

32. Finisar has licensed its '769 patent and the Enhanced Digital Diagnostics Patents to other manufacturers in the industry.

33. Finisar has also provided notice of its '769 patent and the Enhanced Digital Diagnostics Patents portfolio, and offered licenses to this portfolio, to others in the industry, including each of the Defendants. Defendants first received notice of the '769 patent and one or more of the Enhanced Digital Diagnostics Patents on or before December 13, 2005. Defendants have refused to license Finisar's '769 patent or the Enhanced Digital Diagnostics Patents.

34. Finisar also recognizes the technical contributions of other companies as demonstrated by its purchase of the Optoelectronic Module Patents from Matsushita Electric Industrial Co., Ltd.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/22076973.1

## THE ACCUSED PRODUCTS

35. The Accused Products include, but are not limited to, Defendants' optoelectronic transceivers that (i) are calibrated under processor control pursuant to the claims of the '769 patent, including for example and without limitation, Defendants' GBIC, SFF, SFP, 1x9, 2x9, XFP, SFP+, PON OLT, and PON ONU products; (ii) are compliant with SFF-8472 or otherwise include digital diagnostics, including for example and without limitation, Defendants' SFP, XFP, and SFP+ products; and/or (iii) include the claimed features of the Optoelectronic Module Patents, including for example and without limitation, Defendants' GBIC, SFF, SFP, 1x9, 2x9, XFP, SFP+, PON OLT, and PON ONU products.

## FIRST CLAIM FOR RELIEF

(Infringement of U.S. Patent No. 5,019,769)

36. Finisar realleges and incorporates by reference the allegations stated in paragraphs 1 through 35 of this Complaint.

37. Defendants, by engaging in the unauthorized manufacture (or causing to be manufactured), importation, use, sale and/or offer for sale of Accused Products that were covered by one or more of the claims of the '769 patent and/or that were made overseas by processes that were covered by one or more of the claims of the '769 patent on or before September 14, 2010, have committed acts of direct infringement of one or more claims of the '769 patent. These acts constitute violations of 35 U.S.C. § 271.

38. Defendants have committed acts of contributory and/or inducement of infringement of one or more claims of the '769 patent by selling, supporting, and/or encouraging infringing methods of use of the Accused Products to third parties on or before September 14, 2010, including but not limited to customers and end-users. Such optoelectronic transceivers are not staple articles or commodities suitable for non-infringing uses. On information and belief, Defendants knew or should have known of the '769 patent, at least because Finisar provided notice of the '769 patent to the Defendants prior to some or all of the sales to third parties of optoelectronic transceivers covered by one or more of the claims of the '769 patent. These acts constitute violations of 35 U.S.C. § 271.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/22076973.1

6

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF

39. On information and belief, Defendants' infringement of the '769 patent has been willful and deliberate. Despite knowing of the '769 patent, the Defendants continued to directly and indirectly infringe one or more claims of the '769 patent, entitling Finisar to increased damages under 35 U.S.C. § 284 and to attorneys' fees and expenses incurred in prosecuting this action under 35 U.S.C. § 285.

40. As a direct and proximate result of Defendants' infringement of the '769 patent, Finisar has been damaged in an amount yet to be determined.

## SECOND CLAIM FOR RELIEF

(Infringement of U.S. Patent No. 7,079,775)

41. Finisar realleges and incorporates by reference the allegations stated in paragraphs 1 through 40 of this Complaint.

42. Defendants, by engaging in the unauthorized manufacture (or causing to be manufactured), importation, use, sale and/or offer for sale of Accused Products that are covered by one or more of the claims of the '775 patent and/or that are made overseas by processes that are covered by one or more of the claims of the '775 patent, have committed acts of direct infringement of one or more claims of the '775 patent. These acts constitute violations of 35 U.S.C. § 271.

43. Defendants have committed acts of contributory and/or inducement of infringement of one or more claims of the '775 patent by selling, supporting, and/or encouraging the infringing use of the Accused Products to third parties. Such optoelectronic transceivers are not staple articles or commodities suitable for non-infringing uses. On information and belief, Defendants knew or should have known of the '775 patent, at least because Finisar provided notice of the '775 patent to the Defendants prior to some or all of the sales to third parties of optoelectronic transceivers covered by one or more of the claims of the '775 patent. These acts constitute violations of 35 U.S.C. § 271.

44. On information and belief, Defendants' infringement of the '775 patent is, has been, and continues to be willful and deliberate. Despite knowing of the '775 patent, the Defendants have continued to directly and indirectly infringe one or more claims of the '775

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/22076973.1

7

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF

1  patent, entitling Finisar to increased damages under 35 U.S.C. § 284 and to attorneys' fees and
2  expenses incurred in prosecuting this action under 35 U.S.C. § 285.

3      45.    As a direct and proximate result of Defendants' infringement of the '775 patent,
4  Finisar has been and continues to be damaged in an amount yet to be determined.

### THIRD CLAIM FOR RELIEF

(Infringement of U.S. Patent No. 6,957,021)

7      46.    Finisar realleges and incorporates by reference the allegations stated in paragraphs
8  1 through 45 of this Complaint.

9      47.    Defendants, by engaging in the unauthorized manufacture (or causing to be
10 manufactured), importation, use, sale and/or offer for sale of Accused Products that are covered
11 by one or more of the claims of the '021 patent and/or that are made overseas by processes that
12 are covered by one or more of the claims of the '021 patent, have committed acts of direct
13 infringement of one or more claims of the '021 patent. These acts constitute violations of 35
14 U.S.C. § 271.

15     48.    Defendants have committed acts of contributory and/or inducement of
16 infringement of one or more claims of the '021 patent by selling, supporting, and/or encouraging
17 the infringing use of the Accused Products to third parties. Such optoelectronic transceivers are
18 not staple articles or commodities suitable for non-infringing uses. On information and belief,
19 Defendants knew or should have known of the '021 patent, at least because Finisar provided
20 notice of the '021 patent to the Defendants prior to some or all of the sales to third parties of
21 optoelectronic transceivers covered by one or more of the claims of the '021 patent. These acts
22 constitute violations of 35 U.S.C. § 271.

23     49.    On information and belief, Defendants' infringement of the '021 patent is, has
24 been, and continues to be willful and deliberate. Despite knowing of the '021 patent, the
25 Defendants have continued to directly and indirectly infringe one or more claims of the '021
26 patent, entitling Finisar to increased damages under 35 U.S.C. § 284 and to attorneys' fees and
27 expenses incurred in prosecuting this action under 35 U.S.C. § 285.

28     50.    As a direct and proximate result of Defendants' infringement of the '021 patent,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/22076973.1

8

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF

Finisar has been and continues to be damaged in an amount yet to be determined.

## FOURTH CLAIM FOR RELIEF

(Infringement of U.S. Patent No. 7,058,310)

51. Finisar realleges and incorporates by reference the allegations stated in paragraphs 1 through 50 of this Complaint.

52. Defendants, by engaging in the unauthorized manufacture (or causing to be manufactured), importation, use, sale and/or offer for sale of Accused Products that are covered by one or more of the claims of the '310 patent and/or that are made overseas by processes that are covered by one or more of the claims of the '310 patent, have committed acts of direct infringement of one or more claims of the '310 patent. These acts constitute violations of 35 U.S.C. § 271.

53. Defendants have committed acts of contributory and/or inducement of infringement of one or more claims of the '310 patent by selling, supporting, and/or encouraging the infringing use of the Accused Products to third parties. Such optoelectronic transceivers are not staple articles or commodities suitable for non-infringing uses. On information and belief, Defendants knew or should have known of the '310 patent, at least because Finisar provided notice of the '310 patent to the Defendants prior to some or all of the sales to third parties of optoelectronic transceivers covered by one or more of the claims of the '310 patent. These acts constitute violations of 35 U.S.C. § 271.

54. On information and belief, Defendants' infringement of the '310 patent is, has been, and continues to be willful and deliberate. Despite knowing of the '310 patent, the Defendants have continued to directly and indirectly infringe one or more claims of the '310 patent, entitling Finisar to increased damages under 35 U.S.C. § 284 and to attorneys' fees and expenses incurred in prosecuting this action under 35 U.S.C. § 285.

55. As a direct and proximate result of Defendants' infringement of the '310 patent, Finisar has been and continues to be damaged in an amount yet to be determined.

## FIFTH CLAIM FOR RELIEF

(Infringement of U.S. Patent No. 6,952,531)

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/22076973.1

9

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF

56. Finisar realleges and incorporates by reference the allegations stated in paragraphs 1 through 55 of this Complaint.

57. Defendants, by engaging in the unauthorized manufacture (or causing to be manufactured), importation, use, sale and/or offer for sale of Accused Products that are covered by one or more of the claims of the '531 patent and/or that are made overseas by processes that are covered by one or more of the claims of the '531 patent, have committed acts of direct infringement of one or more claims of the '531 patent. These acts constitute violations of 35 U.S.C. § 271.

58. Defendants have committed acts of contributory and/or inducement of infringement of one or more claims of the '531 patent by selling, supporting, and/or encouraging the infringing use of the Accused Products to third parties. Such optoelectronic transceivers are not staple articles or commodities suitable for non-infringing uses. On information and belief, Defendants knew or should have known of the '531 patent, at least because Finisar provided notice of the '531 patent to the Defendants prior to some or all of the sales to third parties of optoelectronic transceivers covered by one or more of the claims of the '531 patent. These acts constitute violations of 35 U.S.C. § 271.

59. On information and belief, Defendants' infringement of the '531 patent is, has been, and continues to be willful and deliberate. Despite knowing of the '531 patent, the Defendants have continued to directly and indirectly infringe one or more claims of the '531 patent, entitling Finisar to increased damages under 35 U.S.C. § 284 and to attorneys' fees and expenses incurred in prosecuting this action under 35 U.S.C. § 285.

60. As a direct and proximate result of Defendants' infringement of the '531 patent, Finisar has been and continues to be damaged in an amount yet to be determined.

### SIXTH CLAIM FOR RELIEF

(Infringement of U.S. Patent No. 7,162,160)

61. Finisar realleges and incorporates by reference the allegations stated in paragraphs 1 through 60 of this Complaint.

62. Defendants, by engaging in the unauthorized manufacture (or causing to be

manufactured), importation, use, sale and/or offer for sale of Accused Products that are covered by one or more of the claims of the '160 patent and/or that are made overseas by processes that are covered by one or more of the claims of the '160 patent, have committed acts of direct infringement of one or more claims of the '160 patent. These acts constitute violations of 35 U.S.C. § 271.

63. Defendants have committed acts of contributory and/or inducement of infringement of one or more claims of the '160 patent by selling, supporting, and/or encouraging the infringing use of the Accused Products to third parties. Such optoelectronic transceivers are not staple articles or commodities suitable for non-infringing uses. On information and belief, Defendants knew or should have known of the '160 patent, at least because Finisar provided notice of the '160 patent to the Defendants prior to some or all of the sales to third parties of optoelectronic transceivers covered by one or more of the claims of the '160 patent. These acts constitute violations of 35 U.S.C. § 271.

64. On information and belief, Defendants' infringement of the '160 patent is, has been, and continues to be willful and deliberate. Despite knowing of the '160 patent, the Defendants have continued to directly and indirectly infringe one or more claims of the '160 patent, entitling Finisar to increased damages under 35 U.S.C. § 284 and to attorneys' fees and expenses incurred in prosecuting this action under 35 U.S.C. § 285.

65. As a direct and proximate result of Defendants' infringement of the '160 patent, Finisar has been and continues to be damaged in an amount yet to be determined.

## SEVENTH CLAIM FOR RELIEF

(Infringement of U.S. Patent No. 7,184,668)

66. Finisar realleges and incorporates by reference the allegations stated in paragraphs 1 through 65 of this Complaint.

67. Defendants, by engaging in the unauthorized manufacture (or causing to be manufactured), importation, use, sale and/or offer for sale of Accused Products that are covered by one or more of the claims of the '668 patent and/or that are made overseas by processes that are covered by one or more of the claims of the '668 patent, have committed acts of direct

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/22076973.1

11

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF

1  infringement of one or more claims of the '668 patent. These acts constitute violations of 35
2  U.S.C. § 271.

3      68. Defendants have committed acts of contributory and/or inducement of
4  infringement of one or more claims of the '668 patent by selling, supporting, and/or encouraging
5  the infringing use of the Accused Products to third parties. Such optoelectronic transceivers are
6  not staple articles or commodities suitable for non-infringing uses. On information and belief,
7  Defendants knew or should have known of the '668 patent, at least because Finisar provided
8  notice of the '668 patent to the Defendants prior to some or all of the sales to third parties of
9  optoelectronic transceivers covered by one or more of the claims of the '668 patent. These acts
10 constitute violations of 35 U.S.C. § 271.

11     69. On information and belief, Defendants' infringement of the '668 patent is, has
12 been, and continues to be willful and deliberate. Despite knowing of the '668 patent, the
13 Defendants have continued to directly and indirectly infringe one or more claims of the '668
14 patent, entitling Finisar to increased damages under 35 U.S.C. § 284 and to attorneys' fees and
15 expenses incurred in prosecuting this action under 35 U.S.C. § 285.

16     70. As a direct and proximate result of Defendants' infringement of the '668 patent,
17 Finisar has been and continues to be damaged in an amount yet to be determined.

### EIGHTH CLAIM FOR RELIEF

(Infringement of U.S. Patent No. 7,050,720)

20     71. Finisar realleges and incorporates by reference the allegations stated in paragraphs
21 1 through 70 of this Complaint.

22     72. Defendants, by engaging in the unauthorized manufacture (or causing to be
23 manufactured), importation, use, sale and/or offer for sale of Accused Products that are covered
24 by one or more of the claims of the '720 patent and/or that are made overseas by processes that
25 are covered by one or more of the claims of the '720 patent, have committed acts of direct
26 infringement of one or more claims of the '720 patent. These acts constitute violations of 35
27 U.S.C. § 271.

28     73. Defendants have committed acts of contributory and/or inducement of

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO
DB2/22076973.1
12
COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF

infringement of one or more claims of the '720 patent by selling, supporting, and/or encouraging the infringing use of the Accused Products to third parties. Such optoelectronic transceivers are not staple articles or commodities suitable for non-infringing uses. On information and belief, Defendants knew or should have known of the '720 patent, at least because Finisar provided notice of the '720 patent to the Defendants prior to some or all of the sales to third parties of optoelectronic transceivers covered by one or more of the claims of the '720 patent. These acts constitute violations of 35 U.S.C. § 271.

74. On information and belief, Defendants' infringement of the '720 patent is, has been, and continues to be willful and deliberate. Despite knowing of the '720 patent, the Defendants have continued to directly and indirectly infringe one or more claims of the '720 patent, entitling Finisar to increased damages under 35 U.S.C. § 284 and to attorneys' fees and expenses incurred in prosecuting this action under 35 U.S.C. § 285.

75. As a direct and proximate result of Defendants' infringement of the '720 patent, Finisar has been and continues to be damaged in an amount yet to be determined.

## NINTH CLAIM FOR RELIEF

(Infringement of U.S. Patent No. RE 36,886)

76. Finisar realleges and incorporates by reference the allegations stated in paragraphs 1 through 75 of this Complaint.

77. Defendants, by engaging in the unauthorized manufacture (or causing to be manufactured), importation, use, sale and/or offer for sale of Accused Products that are covered by one or more of the claims of the '886 patent and/or that are made overseas by processes that are covered by one or more of the claims of the '886 patent, have committed acts of direct infringement of one or more claims of the '886 patent. These acts constitute violations of 35 U.S.C. § 271.

78. Defendants have committed acts of contributory and/or inducement of infringement of one or more claims of the '886 patent by selling, supporting, and/or encouraging the infringing use of the Accused Products to third parties. Such optoelectronic transceivers are not staple articles or commodities suitable for non-infringing uses. On information and belief,

13   COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Defendants knew or should have known of the '886 patent. These acts constitute violations of 35 U.S.C. § 271.

79. On information and belief, Defendants' infringement of the '886 patent is, has been, and continues to be willful and deliberate. Despite knowing of the '886 patent, Defendants have continued to directly and indirectly infringe one or more claims of the '886 patent, entitling Finisar to increased damages under 35 U.S.C. § 284 and to attorneys' fees and expenses incurred in prosecuting this action under 35 U.S.C. § 285.

80. Such infringement has injured and damaged Finisar. Unless enjoined by this Court, Defendants will continue their infringement, irreparably injuring Finisar.

81. As a direct and proximate result of Defendants' infringement of the '886 patent, Finisar has been and continues to be damaged in an amount yet to be determined.

## TENTH CLAIM FOR RELIEF

(Infringement of U.S. Patent No. RE 40,150)

82. Finisar realleges and incorporates by reference the allegations stated in paragraphs 1 through 81 of this Complaint.

83. Defendants, by engaging in the unauthorized manufacture (or causing to be manufactured), importation, use, sale and/or offer for sale of Accused Products that are covered by one or more of the claims of the '150 patent and/or that are made overseas by processes that are covered by one or more of the claims of the '150 patent, have committed acts of direct infringement of one or more claims of the '150 patent. These acts constitute violations of 35 U.S.C. § 271.

84. Defendants have committed acts of contributory and/or inducement of infringement of one or more claims of the '150 patent by selling, supporting, and/or encouraging the infringing use of the Accused Products to third parties. Such optoelectronic transceivers are not staple articles or commodities suitable for non-infringing uses. On information and belief, Defendants knew or should have known of the '150 patent. These acts constitute violations of 35 U.S.C. § 271.

85. On information and belief, Defendants' infringement of the '150 patent is, has

1  been, and continues to be willful and deliberate. Despite knowing of the '150 patent, Defendants
2  have continued to directly and indirectly infringe one or more claims of the '150 patent, entitling
3  Finisar to increased damages under 35 U.S.C. § 284 and to attorneys' fees and expenses incurred
4  in prosecuting this action under 35 U.S.C. § 285.

5  86. Such infringement has injured and damaged Finisar. Unless enjoined by this
6  Court, Defendants will continue their infringement, irreparably injuring Finisar.

7  87. As a direct and proximate result of Defendants' infringement of the '150 patent,
8  Finisar has been and continues to be damaged in an amount yet to be determined.

## ELEVENTH CLAIM FOR RELIEF

(Infringement of U.S. Patent No. RE 40,154)

88. Finisar realleges and incorporates by reference the allegations stated in paragraphs 1 through 87 of this Complaint.

89. Defendants, by engaging in the unauthorized manufacture (or causing to be manufactured), importation, use, sale and/or offer for sale of Accused Products that are covered by one or more of the claims of the '154 patent and/or that are made overseas by processes that are covered by one or more of the claims of the '154 patent, have committed acts of direct infringement of one or more claims of the '154 patent. These acts constitute violations of 35 U.S.C. § 271.

90. Defendants have committed acts of contributory and/or inducement of infringement of one or more claims of the '154 patent by selling, supporting, and/or encouraging the infringing use of the Accused Products to third parties. Such optoelectronic transceivers are not staple articles or commodities suitable for non-infringing uses. On information and belief, Defendants knew or should have known of the '154 patent. These acts constitute violations of 35 U.S.C. § 271.

91. On information and belief, Defendants' infringement of the '154 patent is, has been, and continues to be willful and deliberate. Despite knowing of the '154 patent, Defendants have continued to directly and indirectly infringe one or more claims of the '154 patent, entitling Finisar to increased damages under 35 U.S.C. § 284 and to attorneys' fees and expenses incurred

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/22076973.1

15

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF

in prosecuting this action under 35 U.S.C. § 285.

92. Such infringement has injured and damaged Finisar. Unless enjoined by this Court, Defendants will continue their infringement, irreparably injuring Finisar.

93. As a direct and proximate result of Defendants' infringement of the '154 patent, Finisar has been and continues to be damaged in an amount yet to be determined.

## PRAYER FOR RELIEF

WHEREFORE, Finisar prays that this Court enter judgment as follows:

(A) Adjudicating and declaring that Defendants have infringed, actively induced infringement of, and/or contributorily infringed the Patents-In-Suit;

(B) Preliminarily and permanently enjoining the Defendants, their officers, agents, servants, employees, attorneys and all persons in active concert or participation with them from further infringement of the Patents-In-Suit or, to the extent not so enjoined, ordering Defendants to pay compulsory ongoing royalties for any continuing infringement of the Patents-In-Suit;

(C) Ordering that Defendants account, and pay actual damages (but no less than a reasonable royalty), to Finisar for Defendants' infringement of the Patents-in-Suit;

(D) Declaring that the Defendants willfully infringed one or more of the Patents-in-Suit and ordering that Defendants pay treble damages to Finisar as provided by 35 U.S.C. § 284;

(E) Ordering that Defendants pay Finisar's costs, expenses, and interest, including prejudgment interest, as provided for by 35 U.S.C. § 284;

(F) Declaring that this is an exceptional case and awarding Finisar its attorneys' fees and expenses as provided for by 35 U.S.C. § 285;

(G) Granting Finisar such other and further relief as the Court deems just and appropriate, or that Finisar may be entitled to as a matter of law or equity.

Dated: December 10, 2010

MORGAN, LEWIS & BOCKIUS LLP

By /s/ Michael J. Lyons
Michael J. Lyons
Attorneys for Plaintiff

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/22076973.1

17

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Finisar hereby requests a trial by jury.

Dated: December 10, 2010                           MORGAN, LEWIS & BOCKIUS LLP

By /s/ Michael J. Lyons
Michael J. Lyons
Attorneys for Plaintiff