IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Finisar Corp., | NO. C-10-05617 JW |
| Plaintiff, | **PATENT SCHEDULING ORDER** |
| v. | |
| Oplink Communications, Inc., et al., | |
| Defendants. | |

This case is scheduled for a Case Management Conference on March 14, 2011. Pursuant to the Federal Rules of Civil Procedure and Local Rules of this Court, the parties conferred and duly submitted a Joint Case Management Statement and Proposed Order. (See Docket Item No. 26.) Additionally, Plaintiff filed a Supplemental Case Management Statement. (See Docket Item No. 27.) In the Supplemental Case Management Statement, Plaintiff contends that the "issues in this case may be significantly narrowed by early summary judgment," thereby reducing the discovery burden on the parties. (Id. at 1-2.) However, the Court finds that summary judgment would be premature at this time, and the case shall proceed according to the schedule set out in this Order.

Based on the parties' joint submission, it appears that a schedule for the case can be set without the necessity of an appearance at this time. Accordingly, the Case Management Conference is VACATED and the parties are ordered to comply with the following schedule:

## **CASE SCHEDULE**

| | |
|---|---|
| **Infringement Contentions (¶ 1)** <br> *(≈10 days after the Initial Case Management Conference)* | **April 1, 2011** |
| **Invalidity Contentions (¶ 2)** <br> *(≈45 days after the Initial Case Management Conference)* | **May 6, 2011** |
| **Joint Claim Construction and Prehearing Statement (¶ 6)** <br> *(≈105 days after the Initial Case Management Conference)* | **July 6, 2011** |
| **Close of Claim Construction Discovery (¶ 7)** <br> *(≈30 days after the Joint Claim Construction and Prehearing Statement )* | **August 8, 2011** |
| **Interim Case Management Conference** | **September 12, 2011** |
| **Joint Case Management Statement for Interim Conference** <br> (*The Statement shall, among other things, update the Court on the parties' readiness for the Markman hearing.*) | **September 2, 2011** |
| **Case Tutorial (¶ 8)** | **October 20, 2011 at 9 a.m.** |
| **Claim Construction Hearing (¶ 9)** | **October 21, 2001 at 9 a.m.** |

None of the dates set in this Order may be changed without an order of the Court made after a motion is filed pursuant to the Civil Local Rules of Court.

### **A.  Initial Disclosures**

1. No later than 10 days after the Initial Case Management Conference, the party asserting infringement must serve on all parties a Disclosure of Asserted Claims and Infringement Contentions and make available for inspection and copying the documents described in Patent L.R. 3-1.

2. No later than 45 days after the Initial Case Management Conference, each opposing party shall serve on all parties Invalidity Contentions and produce and make available for inspection and copying the documents described in Patent L.R. 3-3.

3. Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause.  Motions to amend shall be filed pursuant to the Civil Local Rules of Court and noticed for a hearing before the assigned Magistrate Judge.

**B.  Claim Construction Proceedings**

4. No later than 10 days after filing Invalidity Contentions, all parties must serve on all other parties Proposed Terms and Claim Elements for Construction pursuant to Patent L.R. 4-1.  The parties shall thereafter meet and confer for the purposes of limiting the terms in dispute by narrowing or resolving differences and facilitating the ultimate preparation of a Joint Claim Construction and Prehearing Statement.  The parties shall also jointly identify the 10 terms likely to be most significant to resolving the parties' dispute, including those terms for which construction may be case or claim dispositive.

5. No later than 20 days after exchanging Proposed Terms and Claim Elements for Construction, all parties must serve on all other parties Preliminary Claim Constructions and Extrinsic Evidence pursuant to Patent L.R. 4-2.

6. No later than 30 days after exchanging Preliminary Claim Constructions, the parties must file a Joint Claim Construction Statement and Prehearing Statement pursuant to Patent L.R. 4-3. The statement shall be presented in the following chart format:

| Disputed Term | Plaintiff's Proposed Construction | Defendant's Proposed Construction |
|---|---|---|
|  |  |  |

The parties shall express their proposed construction in a manner suitable for incorporation into a jury instruction.  The parties shall identify the terms whose construction will be most significant to the resolution of the case.  However, the total terms identified by all parties as most significant cannot exceed 10.

7. Pursuant to Patent L.R. 4-4, all discovery, including depositions of expert witnesses, relating to claim construction must be completed within 30 days of filing the Joint Claim Construction Statement and Prehearing Statement.

8. On the date set in the Case Schedule, the parties shall appear before the Court to present a tutorial.  The purpose of the tutorial is to allow each party to inform the Court about the background of the technical information which is involved in the case and the nature of the dispute. Presentations may include demonstrations, expert testimony, or audio visual materials.  No cross-

1  examination will be permitted. However, the Court may pose questions to parties or witnesses. No
2  record will be made of the proceedings. Statements made during the tutorial may not be cited as
3  judicial admissions against a party. **Each party shall have 45 minutes for their presentation.**
4  Any party wishing for additional time shall make the appropriate administrative motion in
5  accordance with the Civil Local Rules of Court. See Civ. L.R. 7-11.

6  9. On the date set in the Case Schedule, the Court will hold a Claim Construction Hearing.
7  At the hearing the Court will consider only intrinsic evidence to interpret the disputed claims, i.e.,
8  the claims themselves, the written description portion of the specification and the prosecution
9  history. Pertinent portions of the intrinsic evidence should be highlighted and indexed to the
10 disputed claim language. No testimony will be allowed, unless the Court orders otherwise, based
11 upon a timely motion noticed for hearing at least 10 days prior to the Claim Hearing by any party
12 wishing to present testimony. **Each party shall have one hour for their presentation.** Any party
13 wishing for additional time shall make the appropriate administrative motion in accordance with the
14 Civil Local Rules of Court. See Civ. L.R. 7-11.

15 10. Notwithstanding Patent L.R. 4-5, the parties shall comply with the following briefing
16 schedule:

17   a.   Opening Brief: The party claiming patent infringement must serve and file its
18   opening brief and supporting evidence on or before the date 35 days prior to the Claim
19   Construction Hearing. Accompanying the brief must be a proposed jury instruction which
20   incorporates the language which the party contends should be adopted in construing the
21   claims.

22   b.   Responsive Brief: Each opposing party must serve and file its responsive brief
23   and supporting evidence on or before the date 21 days prior to the Claim Construction
24   Hearing. Accompanying the brief must be a proposed jury instruction which incorporates the
25   language which the party contends should be adopted in construing the claims.

4

    c. <u>Reply Brief</u>: The party claiming patent infringement must serve and file any reply brief and supporting evidence on or before the date 14 days prior to the Claim Construction Hearing.

### C.  Further Case Management Order

11.  At the conclusion of the Claim Construction Hearing, the Court will set a date and time for a further Case Management Conference to schedule subsequent events in the case.

### D.  Procedure Regarding Dispositive Motions in Patent Cases

12.  Prior to filing any dispositive motion, the moving party must first advise the Court and opposing counsel of its intention to do so by filing and serving a request for a case management conference regarding dispositive motion(s).  The request must outline the undisputed factual basis and legal basis of the proposed motion(s) and a proposed briefing and hearing schedule.  The Court may schedule a case management conference to establish the schedule for briefing and hearing the motion(s) in an orderly and efficient manner or may issue an order adopting the schedule proposed by the parties.

Once a hearing date for the motion has been set and the briefing is closed, the moving party shall compile a three ring binder (to be lodged with the Court) containing (1) the motion and any supporting memorandum of law; (2) the opposition memorandum; (3) any reply memorandum; and (4) any exhibits in support or opposition to the motion, which shall be clearly labeled.  At the beginning of each binder the moving party shall include, as appropriate, a Chart A or B, in the format described below; each statement shall be supported by appropriate citations to the motion papers and or exhibits.

### Chart A - Summary of Infringement Issues

| Patent Claim/Elements | Stipulated Construction/Court Construction | Accused Product | Defense Asserted |
|---|---|---|---|
| '000 Patent, Claim 1 | | | |

5

| an apparatus comprising | apparatus means: "a device which. . ." | Riverside Model 2 | |
| --- | --- | --- | --- |
| 1.  a handle | "handle" means a part held by the human hand | Riverside Model 2 | the product lacks a handle |

### **Chart B - Summary of Invalidity Issues**

| Title of Motion | Patent | Claim No. | Basis of challenge | Summary of argument in support of motion | Summary of argument in opposition to motion | Comments |
| --- | --- | --- | --- | --- | --- | --- |
| Partial Motion for Summary Judgment of Invalidity | '000 | Claim 3 | Lack of Disclosure of Best Mode | The specification states that the inventor was aware [See '000 Patent, Col 3:5-10] | The reference is to a different invention. | This matter is controlled by the Court's claim construction of the following terms: |
| | | | | | | |

### **E.  Electronic Storage of Exhibits**

13. The Court has available a digital and video electronic evidence presentation system.  The parties are ordered to familiarize themselves with the system, and to meet and confer about whether the case will involve voluminous documentation.  If so, as the parties identify documentary material which is likely to be used as trial exhibits, the parties are ordered to electronically store these materials in a fashion which will facilitate displaying them electronically during the trial.  The parties are reminded that Civil L.R. 30-2(b) requires sequential numbering of exhibits during depositions and that numbering must be maintained for those exhibits throughout the litigation.  Each proposed exhibit shall be pre-marked for identification.  All exhibits shall be marked with numerals.  The parties shall meet and confer on a division which will avoid duplication (e.g., Plaintiff: 1-99,000; Defendant #1:  100,000-299,999;  Defendant #2:  300,000-500,000).

Dated:  March 9, 2011

JAMES WARE
United States District Chief Judge

6

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Daniel Johnson djjohnson@morganlewis.com
Harry Frederick Doscher hdoscher@morganlewis.com
Mark Thomas Smith msmith@cooley.com
Michael John Lyons mlyons@morganlewis.com
Orion Armon oarmon@cooley.com
Sarah JoAnn Guske sguske@cooley.com
Thomas J. Friel tfriel@cooley.com
Wayne O. Stacy wstacy@cooley.com

**Dated:  March 9, 2011**                                **Richard W. Wieking, Clerk**

**By:    /s/ JW Chambers**
          **Elizabeth Garcia**
          **Courtroom Deputy**